IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DALE CRAWFORD,

    Petitioner,                     No. CIV S-10-2086 JAM DAD P

    vs.

SWARTHOUT, Warden,

    Respondent.                 FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his parole suitability hearing held on August 3, 2009. The matter has been fully briefed by the parties and is submitted for decision. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. <u>Procedural Background</u>

        Petitioner is confined pursuant to a 1989 judgment entered against him in the Shasta County Superior Court following his conviction on a charge of second degree murder. (Doc. 1 at 1.) Pursuant to that conviction, petitioner was sentenced to fifteen years to life in state prison. (<u>Id.</u>)

1

The parole suitability hearing that is placed at issue by the instant federal habeas petition was held on August 3, 2009. (Id. at 45.)[1] Petitioner appeared at and participated in that hearing. (Id. at 47, et seq.) Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for three years as well as the reasons for that decision. (Id. at 124-32, Doc. 1-1 at 1-4.)

Petitioner challenged the Board's 2009 decision to deny him parole in a petition for writ of habeas corpus filed in the Shasta County Superior Court. (Answer filed October 28, 2010, Exs. 1(a)-1(c).) That court denied the petition in a decision on the merits of petitioner's claims. (Id., Ex. 2.) Petitioner subsequently challenged the Board's 2009 decision in a petition for writ of habeas corpus filed in the California Court of Appeal for the Third Appellate District. (Id., Exs. 3(a)-3(c).) The state appellate court summarily denied that petition. (Id., Ex. 4.) Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. (Id., Exs. 5(a)-5(c).) That petition was also summarily denied. (Id., Ex. 6.)

On August 6, 2010, petitioner filed his federal application for habeas relief in this court. Therein, petitioner contends that the Board's 2009 decision to deny him parole was not supported by "some evidence" that he posed a current danger to society if released from prison, as required under California law. (Doc. 1 at 11-39.)

III. <u>Scope of Review Applicable to Due Process Challenges to the Denial of Parole</u>

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 459-60 (1989).

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1	A protected liberty interest may arise from either the Due Process Clause of the
2	United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3	expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,
4	221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States
5	Constitution does not, of its own force, create a protected liberty interest in a parole date, even
6	one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of
7	Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted
8	person to be conditionally released before the expiration of a valid sentence."). However, a
9	state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release
10	will be granted" when or unless certain designated findings are made, and thereby gives rise to a
11	constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

12	California's parole scheme gives rise to a liberty interest in parole protected by the
13	federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th
14	Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.
15	Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in
16	this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639
17	F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that
18	California law creates a liberty interest in parole.") In California, a prisoner is entitled to release
19	on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence,
20	44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

21	In Swarthout, the Supreme Court reviewed two cases in which California
22	prisoners were denied parole - in one case by the Board, and in the other by the Governor after
23	the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that
24	when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment
25	requires fair procedures, "and federal courts will review the application of those constitutionally
26	required procedures." Id. at 862. The Court concluded that in the parole context, however, "the

procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.[2] See also Pearson, 639 F.3d at 1191.

III. Petitioner's Due Process Claim

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2009 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due

---

[2] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

4

process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2009 parole suitability hearing. (Doc. 1 at 47.) As described above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. It now plainly appears that petitioner is not entitled to relief with respect to his due process claims. Accordingly, the pending petition should be denied.

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

/////

1  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: July 5, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
crawford2086.hc